0F042 - W56 Franklin County Ohio Clerk of Courts of the Common Pleas- 2020 Feb 13 4:22 PM-20CV001270

**Exhibit 1**
**(11 pages)**

## IN THE COURT OF COMMON PLEAS, FRANKLIN COUNTY, OHIO
### Civil Division

| | |
|---|---|
| **SCOTT OSBORN**<br>2000 US N Lot 36<br>Delaware OH 43015 | **COMPLAINT** |
| Plaintiff, | Case No. 20CV1229 |
| v. | Judge Sargus |
| **CITY OF COLUMBUS**<br>c/o Columbus City Attorney's Office<br>77 North Front Street<br>Columbus, Ohio 43215 | MAGISTRATE JUDGE JOLSON |
| and | |
| **ELIJAH LADIPO**<br>c/o Division of Police<br>120 Marconi Boulevard<br>Columbus, Ohio 43215 | **JURY DEMAND ENDORSED HEREON** |
| and | |
| **JESSE SMITH**<br>c/o Division of Police<br>120 Marconi Boulevard<br>Columbus, Ohio 43215 | |
| and | |
| **BRIAN SMITH**<br>c/o Division of Police<br>120 Marconi Boulevard<br>Columbus, Ohio 43215 | |
| and | |
| **NICHOLAS GENO**<br>c/o Division of Police<br>120 Marconi Boulevard<br>Columbus, Ohio 43215 | |
| and | |

IAN WILKINSON
c/o Division of Police
120 Marconi Boulevard
Columbus, Ohio 43215

and

JOHN DOE POLICE OFFICERS
NAMES UNKNOWN
Addresses Unknown

and

JOHN DOE POLICE SUPERVISORS
NAMES UNKNOWN
Addresses Unknown

      Defendants.

*Factual Background – Parties and Events*

  1. Scott Osborn, age fifty-six, currently resides in the City of Delaware, County of Delaware, and State of Ohio; the individually-named Defendants are Columbus City Police Officers; Defendants John Doe Police Supervisors and John Doe Officers, respectively, are employees of the City of Columbus whose names and addresses are unknown at the time of filing and whose names and addresses could not be discovered with reasonable efforts at the time of filing.

  2. On February 13, 2019 at approximately 4:15 a.m., Mr. Osborn was involved in a vehicle collision on S. Yale Avenue in Columbus, Ohio when the right front part of his vehicle made contact with an overpass; Plaintiff's vehicle struck two unoccupied, parked cars forcing those vehicles into two separate yards.

  3. On February 13, 2019, Officers Ladipo and Jesse Smith were working marked Columbus Police wagon 88 and were dispatched to an automobile collision on S. Yale Avenue involving injury.

0F042 - W58  Franklin County Ohio Clerk of Courts of the Common Pleas- 2020 Feb 13 4:22 PM-20CV001270

4. As Defendants Lapido and Jesse Smith exited their wagon, Plaintiff approached Defendants with his hands up, a cell phone in his hand.

5. As Plaintiff approached Defendant Ladipo asking for help, Defendant Ladipo shoved Plaintiff, grabbed Plaintiff's hands to place him in handcuffs and threw Plaintiff to the ground.

6. Defendants Brian Smith Nicholas Geno and Ian Wilkinson, then arrived at the scene.

7. Defendants Brian Smith Nicholas Geno and Ian Wilkinson and John Doe police officers, whose names and addresses are unknown and whose names and addresses could not be determined at the time of filing with reasonable efforts, also physically assaulted Plaintiff by beating him and spraying him with mace during the time he was on the ground being beaten by Defendants Ladipo and Smith.

8. Plaintiff suffered severe head and facial trauma, bruising and contusions to his face and extremities and significant, severe and permanent damage to his vision.

9. Plaintiff was transported to Grant Medical Center via CFD Medic 10 to be treated for the injuries he sustained from this incident.

10. Defendant City of Columbus charged Plaintiff with failure to control, obstructing official business and resisting arrest; Defendants dismissed the charge for resisting arrest.

***First Cause of Action –Assault and Battery – as to Defendants Ladipo and Jesse Smith, Brian Smith, Nicholas Geno and Ian Wilkinson and John Doe Officers***

11. Plaintiff incorporates, as if fully rewritten herein, each of the allegations contained in paragraphs 1 through 10 above.

)F042 - W59   Franklin County Ohio Clerk of Courts of the Common Pleas- 2020 Feb 13 4:22 PM-20CV001270

12. Defendants Ladipo and Jesse Smith, Brian Smith, Nicholas Geno and Ian Wilkinson and John Doe Officers intended to cause harmful and offensive contact to Plaintiff because when he threw him to the ground with extreme force and beat him about the head, neck, face and body.

13. Defendants Ladipo and Jesse Smith, Brian Smith, Nicholas Geno and Ian Wilkinson and John Doe Officers did, in fact, cause harmful and offensive touching to Plaintiff as described hereinabove.

14. Defendants Ladipo and Jesse Smith, Brian Smith, Nicholas Geno and Ian Wilkinson and John Doe officers acted with a malicious purpose, in bad faith, or in a wanton and reckless manner.

15. As a direct and proximate result of Defendants Ladipo and Jesse Smith, Brian Smith, Nicholas Geno and Ian Wilkinson and John Doe Officers' harmful and offensive touching of Plaintiff, Plaintiff suffered physical injuries, including permanent vision loss, bruises and contusions, severe trauma to his head and brain, permanent physical scarring, medical bills and expenses, lost income, and past, and future mental suffering, anxiety, emotional trauma, mental anguish, stress, loss of enjoyment and reduction in quality of life.

**Second Cause of Action – State Law Malicious Prosecution – as to All City Defendants, including City of Columbus, Officers Ladipo and Smith, and unknown City of Columbus Police Officers and Supervisors**

16. Plaintiff incorporates, as if fully rewritten herein, each of the allegations contained in paragraphs 1 through 15 above.

17. Defendants maliciously instituted proceedings against Plaintiff by filing false charges against him for resisting arrest, knowing they had no probable cause to believe Plaintiff had resisted arrest.

0F042 - W60 Franklin County Ohio Clerk of Courts of the Common Pleas- 2020 Feb 13 4:22 PM-20CV001270

18. Defendants lacked probable cause for filing the aforementioned charges against Plaintiff because Plaintiff did not resist Defendants' attempt to arrest him; no reasonable officer under the circumstances could have reasonably believed that Plaintiff was resisting arrest.

19. Defendants further perpetrated malicious prosecution by supporting these false charges against Plaintiff with knowingly false statements to prosecuting attorneys.

20. The proceedings against Plaintiff were terminated in Plaintiff's favor when the charges for resisting arrest were dismissed.

21. Plaintiff's person was the subject of seizure during the course of these proceedings because Plaintiff was incarcerated first in a police vehicle and then in a holding cell.

22. As a direct and proximate result of this malicious prosecution, plaintiff incurred the costs of hiring an attorney to defend himself against baseless charges and sustained the public embarrassment and humiliation of the criminal proceedings and process and having a criminal record applied to his good name and character.

***Third Cause of Action – State Law Wrongful Imprisonment Claim – as to Defendants City of Columbus, Defendants Ladipo and Smith and unknown City Officers and Supervisors***

23. Plaintiff incorporates, as if fully rewritten herein, each of the allegations contained in paragraphs 1 through 22 above

24. Defendants did not have probable cause to believe Plaintiff had resisted arrest; Defendants nonetheless took steps to imprison Plaintiff unlawfully, maliciously, and without probable cause when they handcuffed him, forced him into a police cruiser for several hours, and caused him to be confined in a cell.

5

25. Defendants' actions constitute malicious prosecution and wrongful imprisonment and were the direct and proximate cause of physical and psychological injuries and economic damages to the Plaintiff.

**Fourth Cause of Action – 42 U.S.C. 1983 - Excessive Force – Violation of 4th Amendment as Against – as to Officers Ladipo and Jesse Smith, Brian Smith, Nicholas Geno and Ian Wilkinson and John Doe Officers and Supervisors**

26. Plaintiff incorporates, as if fully rewritten herein, each of the allegations contained in paragraphs 1 through 25 above.

27. Defendants Ladipo and Jesse Smith, Brian Smith, Nicholas Geno and Ian Wilkinson, acting under color of state law, arrested Plaintiff with unnecessary, unlawful and malicious use of excessive force, thereby depriving him of his constitutional rights, when he wrenched his arms behind his back, beat him about the head, neck and body and slammed him to the ground causing him to suffer severe bodily injury.

28. Defendants actions constitute wrongful arrest and were the direct and proximate cause of physical and psychological injuries and economic damages to Plaintiff.

**Fifth Cause of Action – 42 U.S.C. 1983 – Fourth Amendment - Malicious Prosecution as to Defendants Ladipo and Smith and Unknown City Officers and Supervisors**

29. Plaintiff incorporates, as if fully rewritten herein, each of the allegations contained in paragraphs 1 through 28 above.

30. Defendants, acting under color of state law, maliciously instituted proceedings against Plaintiff by filing false charges against him for resisting arrest, knowing they had no probable cause to believe Plaintiff had resisted arrest.

31. Defendants lacked probable cause for filing the aforementioned charges against Plaintiff because Plaintiff did not resist Defendants attempts to arrest him.

6

32. Defendants further perpetrated malicious prosecution by supporting these false charges against Plaintiff with knowingly false statements to the prosecuting attorneys.

33. The proceedings against Plaintiff were terminated in Plaintiff's favor when the charges resisting arrest were dismissed.

34. Defendants Police Officers' actions constitute malicious prosecution and were the direct and proximate cause of physical and psychological injuries and economic damages to the Plaintiff.

**Sixth Cause of Action – 42 U.S.C 1983 – Fourth Amendment -False Imprisonment as to Defendant Ladipo, Smith and Unknown City Police Officers and Supervisors**

35. Plaintiff incorporates, as if fully rewritten herein, each of the allegations contained in paragraphs 1 through 34 above.

36. Defendants did not have probable cause to believe Plaintiff has resisted arrest.

37. Defendants, acting under color of state law, nonetheless imprisoned Plaintiff unlawfully, maliciously, and without probable cause when they handcuffed him, forced him into a police cruiser, and caused him to be confined in a cell.

38. Defendants' actions constitute malicious prosecution and wrongful imprisonment and were the direct and proximate cause of physical and psychological injuries and economic damages to the Plaintiff.

**Seventh Cause of Action –42 U.S.C 1983 – Fourth and Fourteenth Amendment - Failure to Train and Supervise – as to City of Columbus and John Doe Police Supervisors**

39. Plaintiff incorporates, as if fully rewritten herein, each of the allegations contained in paragraphs 1 through 38 above.

7

Franklin County Ohio Clerk of Courts of the Common Pleas- 2020 Feb 13 4:22 PM-20CV001270
)F042 - W63

40. Defendants City of Columbus and John Doe Police Supervisors, whose names are unknown and whose names could not be discovered with reasonable efforts at the time of filing, were responsible for training the Defendant Police Officers in proper police procedures, arrest methods, appropriate levels of force, concepts of probable cause and proper procedures for communicating and interacting with the public or with trauma victims.

41. Defendants negligently, wantonly, and with reckless disregard for the safety of others, failed to properly train and supervise officers, including Defendants Ladipo and Smith and unknown police officers involved in the arrest and prosecution of Plaintiff.

42. Defendants' negligent, wanton and reckless failure to properly train caused serious harm to Plaintiff when their subordinates, namely Defendant Police Officers, including Ladipo and Smith and John Doe Officers, used excessive force and caused Plaintiff to be prosecuted without probable case.

43. Further, Defendants' training program in arrest techniques and probable cause is so inadequate that its implementation amounts to deliberate indifference.

44. Defendants, acting under color of state law, exhibited deliberate indifference to the Plaintiff's right to be free of unreasonable and unlawful arrest, incarceration and prosecution pursuant to the Fourth Amendment and his substantive due process rights under the Fourteenth Amendment, because their failure to train and properly supervise their subordinates proximately caused an arrest conducted with excessive force, causing Plaintiff significant and severe physical and emotional pain and injury.

Case: 2:20-cv-01229-EAS-KAJ Doc #: 2 Filed: 03/06/20 Page: 9 of 11 PAGEID #: 41
Franklin County Ohio Clerk of Courts of the Common Pleas- 2020 Feb 13 4:22 PM-20CV001270
0F042 - W64

45. This lack of policy and procedure amounts to deliberate indifference as Defendants knew or should have known that their failure to train and supervise would result in constitutional violations and/or were on notice of prior constitutional violations caused by the lack of training in arrest techniques and understanding probable cause.

46. The lack of policy and procedure regarding proper arrest technique and understanding probable cause and/or the failure to properly train officers in such concepts is the direct and proximate cause of Plaintiffs' claimed injuries and damages.

47. Additionally, Defendant supervisors were aware of Defendant Ladipo and Smith's and the other officers' propensity to act outside the bounds of their constitutional authority as noted above and did nothing and are therefore liable in their individual capacities for violating Plaintiff's clearly-established constitutional rights.

48. Defendants at the very least implicitly authorized, approved of or knowingly acquiesced in their subordinates' violations of Plaintiff's constitutional rights and are therefore liable in their individual capacities.

### *Eighth Cause of Action - Intentional Infliction of Emotional Distress – as to All Defendants*

49. Plaintiff incorporates, as if fully rewritten herein, each of the allegations contained in paragraphs 1 through 48 above.

50. Defendants engaged in an intentional and malicious course of conduct, including the use of excessive force, false imprisonment, assault, battery, malicious prosecution and denial of medical care against Plaintiff.

51. In engaging in this conduct, Defendants either intended to cause emotional distress to Plaintiff or knew or should have known that their actions would result in serious emotional distress to the Plaintiff.

52. Defendants' conduct was so extreme and outrageous as to exceed all possible bounds of decency.

53. Defendants' conduct proximately caused Plaintiff to sustain severe emotional distress and psychological injuries.

54. Plaintiff's injuries are such that no reasonable person could be expected to endure them.

**WHEREFORE,** Plaintiff demands judgment against each of the respective Defendants, jointly and severally, including Defendant City of Columbus, Defendant Ladipo, Defendant Jesse Smith, Defendant Brian Smith, Defendant Geno, Defendant Wilkinson, John Doe Supervisors, John Doe Police Officers, for compensatory damages in a sum in excess of Twenty Five Thousand Dollars ($25,000.00) in order to be fully, fairly and completely compensated for the damages and injuries caused by Defendants' tortious conduct, for the cost of this action, attorneys' fees, for prejudgment and post-judgment interest according to law, punitive damages and for such further relief as this court deems appropriate and proper under the circumstances.

Dated: February 13, 2020

/s/ Robert M. Owens
Robert M. Owens, Esq. (0069866)
Email: robert@owenslawoffice.com
Owens Law Office
43 East Central Avenue
Delaware OH 43015
Telephone: (740) 368-0008
Facsimile: (740) 368-0007
Attorney for Plaintiff

/s/ Jessica L. Olsheski
Jessica L. Olsheski, Esq. (0078063)
Email: jessica.olsheski@justice-law.net
Olsheski Law Co., LPA
600 East Rich Street
Columbus, Ohio 43215
Tele: (614) 252-5500
Fax: (614) 252-5058
Attorney for Plaintiff

Case: 2:20-cv-01229-EAS-KAJ Doc #: 2 Filed: 03/06/20 Page: 11 of 11 PAGEID #: 43
Franklin County Ohio Clerk of Courts of the Common Pleas- 2020 Feb 13 4:22 PM-20CV001270
0F042 - W66

## JURY DEMAND

Plaintiff demands a jury to hear and decide all issues of fact raised in this proceeding.

/s/ Jessica L. Olsheski
Jessica L. Olsheski, Esq.